## Taylor v. Taylor's Executors, et al.

(Decided November 17, 1925.)

### Appeal from Marion Circuit Court.

1. Executors and Administrators—Charging Executor as Agent with Item Paid, though Included in Agency Statement, Held Improper. —In action to surcharge settlement of executors, one of whom was also agent of deceased, held, that charging executor for sum which, though included in agency statement, had been paid, was improper.

2. Executors and Administrators—Charging Agent with Check which was Returned Held Improper.—In action to surcharge settlement of executors, one of whom was also agent of deceased, it was held, that charging agent with item of check which was shown to have been later returned was improper.

3. Executors and Administrators—Charging Agent with Item which was Shown to have been Received by Deceased Held Improper.— In action to surcharge settlement of executors, one of whom was also agent of deceased, held, that charging agent with item for rent which evidence showed had been received by deceased and deposited by him was improper.

4. Executors and Administrators—Charging Agent of Deceased for Interest upon Note which Showed Indorsement for Interest was Improper.—In action to surcharge settlement of executors, one of whom was also agent of deceased, charging agent with interest

on note given to deceased, on which interest payment was indorsed, held improper.

5.   Executors and Administrators—Agent of Deceased Allowed Credit on Note Owing by Him for Taxes Paid for Deceased.—In action to surcharge settlement of executors, one of whom was also agent of deceased, where agent had paid taxes for deceased, he should be credited with amount paid on note owed by him to deceased.

6.   Executors and Administrators—Charging Agent for Interest on Rents Collected and Deposited in Bank Held Improper.—In action to surcharge settlement of executors, one of whom was also agent of deceased, charging agent with interest on amounts collected for rents on Texas land and deposited in Texas bank, agent not using money, which was properly kept on hand for payment of taxes, held improper.

7.   Executors and Administrators—Agent having Managed Business of Deceased, Slight Circumstances are Sufficient to Charge Him with Money Shown to have Come in and Not Accounted for.—In action to surcharge settlement of executors, one of whom was also agent of deceased, filing of statement by agent with caption that copies had been made of all incomes and expenses paid upon all property of deceased held not an admission that agent received such sums; yet, in view of fact that agent managed the deceased's business, slight circumstances would be sufficient to charge him with money shown to have come in and not accounted for.

8.   Executors and Administrators—Agent Properly Charged with Interest on Money Received when Not Accounted for.—In action to surcharge settlement of executors, one of whom was also agent of deceased, agent was properly charged with interest on money received and not accounted for.

9.   Principal and Agent—Agent Using Principal's Money Chargeable with Interest.—Agent failing to pay over money to his principal when he should pay it over, and using it in his own business, is always chargeable with interest.

10.  Limitation of Actions—Statute of Limitations Held Not to Run as to One who is Agent Before Death, and Executor After Death of Deceased.—In action to surcharge settlement executors, one of whom was also agent of deceased, it was held that, as agency was continuous during life of deceased, statute would not run during lifetime, and, as agent qualified as executor, it was his duty to collect from himself money in his hands due deceased; hence he would be unable to plead statute as to time elapsing after decedent's death.

C. E. RANKIN for appellant.

W. C. McCORD, HENRY JACKSON, CHENAULT HUGUELY, C. C. BAGBY, H. S. McELROY, C. S. HILL, J C. TAYLOR and J C VOORHIES for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing on the original appeal and affirming on the
cross-appeal.

John Taylor, Sr., died in Marion county November
7, 1917, nearly ninety-one years of age and unmarried.
His personal estate was of value $56,023.00, his real
estate in Marion county, $65,000.00; 26,110 acres of Texas
land, $271,000.00; real estate in Knoxville, $7,477.00. He
left surviving him fourteen nephews and nieces, to whom
he devised his estate. Prior to July, 1908, he was living
alone on his Marion county farm. In July, 1908, at his
request, J. Clark Taylor and his brother, Leonard Tay-
lor, went to his farm to live with him, under a contract
by which they were to support and care for him; keep up
repairs, and in return were to have the entire proceeds
from the farm. On May 21, 1909, he made a gift of
$10,000.00 to each of his nephews and nieces. Clark
Taylor, and Leonard Taylor lived on the farm with John
Taylor, Sr., as one family from July, 1908, until John
Taylor died. The old man had the usual infirmities of
old age; they nursed and took care of him. He had a
trunk in which he kept his papers, including his bank
books and any moneys on hand. He kept the key to this
trunk and looked pretty carefully after his own affairs
considering his age. At first he signed all the checks
given on the bank, but later most of the checks were
signed by Clark Taylor. Clark Taylor made a number
of trips for him to look after his property in Texas and
also his Knoxville property. These properties were in
the hands of a local agent, but trouble arose between
John Taylor and the agent every now and then. Clark
Taylor and John Taylor, Jr., the executors named in the
will, qualified and made a settlement. This action was
brought by the other devisees to surcharge the settlement
of the executors. By an amended petition it was alleged
that Clark Taylor had for many years acted as the agent
of his uncle and as such had collected large sums of
money for him, which he had not paid over or accounted
for, and a settlement of the agency was prayed. He filed
an answer to this pleading. The case was referred to
the commissioner to make the settlement. Proof was
taken. The commissioner reported a settlement, to
which both parties filed exceptions. On the hearing of
the exceptions the court referred the case again to the
commissioner to amend and revise his report. The com-

missioner filed a second report. Exceptions were filed
to this by both the parties; the court ruled on all the ex-
ceptions and referred the case the third time to the com-
missioner to revise and correct his report. The commis-
sioner filed the third report, to which the parties again
filed exceptions, and on the hearing of these exceptions
the court entered a judgment that Clark Taylor should
pay to the executors of John Taylor, Sr., $4,649.33, with
interest from the date of the judgment. Clark Taylor
appeals.

Among other things the commissioner charged Clark
Taylor with $69.18 received from the Knoxville property
in 1917. As to this item the commissioner makes in his
report the following statement:

"The item charged the agent for the year 1917
of $69.18 was paid to the executors of John Taylor,
but the agent saw proper to include same in his
agency statement, and must account for same and
look to the executors' account for credit or recoup-
ment."

The defendant's exception to this item should have
been sustained, for by the judgment he is required to pay
the executors $4,649.33, and this sum includes the $69.18
which he has already paid the executors. As he has al-
ready paid the executors this money they should be
charged with it in their settlement, but he should not be
required to pay it a second time. The commissioner also
charged Clark Taylor with $144.00 received in 1917 from
the Lynn and Terry county land in Texas. But the letters
from C. H. Earnest, the Texas agent, clearly show that
this $144.00 check was not accepted or paid, but was re-
turned to Mr. Earnest and the land was rented for a
higher rent, which was paid. The exception to this item
should have been sustained. In 1915 the Texas agent in
charge of the Hale county land fell behind in his accounts
and in settlement of what he owed assigned to John Tay-
lor a land note which was paid in January, 1916, amount-
ing with interest to $1,413.49. On March 24, 1916, John
Taylor made a deposit in bank of $1,753.00. There is in
the record no explanation of where this money came from
unless it was in part from this lien note. The other pro-
ceeds of the Texas property are traced, and in view of
the evidence that John Taylor lived some distance from
the bank and would keep his money and checks in his

trunk until a convenient time for sending what he had to the bank, the court concludes that, inasmuch as the other sources of income are pretty well accounted for and there is no showing where this money came from and no explanation of the deposit, it would be unjust to hold Clark Taylor responsible for it, for under all the evidence this is clearly the way the parties transacted business. Clark Taylor kept no books and was not expected to keep any. When he got money he turned it over to his uncle. His uncle put it in the trunk and when it was convenient deposited what he had in the bank. Under all the facts the defendants' exceptions to this item should have been sustained.

On July 21, 1915, Clark Taylor executed to John Taylor a note for $3,000.00. On the back of the note is this indorsement: "Credited by interest first year $180.00, August 1, 1917. John Taylor." The commissioner charged Clark Taylor with interest on this note from the beginning. His exception to the charge of interest for the first year should have been sustained. In July, 1915, Clark Taylor loaned J. W. Woolridge in Texas, $3,000.00. When the note was due Clark Taylor sent it to Mr. Earnest for collection. Earnest collected the note and retained out of the proceeds $1,050.50 to pay the taxes of John Taylor and remitted to Clark Taylor the balance of the note, $2,181.90. Clark Taylor should be credited on his note to John Taylor by this $1,050.50 as paid January 7, 1918, for the two notes were evidently given in the same transaction. The executors have been credited by this $1,050.50 in their settlement, but the credit should not be given them, it should be given Clark Taylor. The final settlement with the executor has not yet been made. Any overpayment made by Clark Taylor to the executors in this transaction should be deducted from the balance found due by him on the settlement of the agency accounts, for if he has already paid any money to the executors he should not be ordered to pay it again. The agent in Texas for the Hale county land collected the rents and put them in bank in Plainview, Texas, in the name of J. C. Taylor, and they remained there until after the death of John Taylor. They amounted to $2,952.73. They were then paid to the executors, but the commissioner charged Clark Taylor with $250.00 as interest on this fund. He did not use the money. It was reasonable to keep some money on hand to pay taxes, &c. The

charge of interest on this fund should have been disallowed.

A number of small matters are complained of by the appellant and by the appellees on the cross-appeal. But on the whole case the report, with the corrections above indicated, is substantially correct, so far as we can see from the record. The statement filed by Clark Taylor with the commissioner, under the order of the court directing him to file "All bank pass books, cancelled checks and account books" is thus defined in the caption to it: "I have also had copies made of all the incomes derived from and expenses paid upon all the property owned by John Taylor, deceased." This paper is not an admission that Clark Taylor received these sums; it is a statement of the income derived from and expenses paid upon the properties of John Taylor. But while this is so, in view of the fact that Clark Taylor for much of the time managed the business, very slight circumstances will be sufficient to charge him with money which is shown to have come in and to not be accounted for.

Appellant was properly charged with interest on the money which he received and did not account for. It was his duty under the course of business to pay over the money to his principal as he received it, and when he did not do this it should be presumed, in the absence of any proof to the contrary, that he used it in his own business. An agent failing to pay over the money to his principal when he should pay it over and using it in his own business is always chargeable with interest.

The action must be deemed brought September 29, 1921, when appellant filed answer, as no process had been issued on the amended petition setting up this claim. But as the agency was continuous during the life of John Taylor, Sr., as is apparent from all the facts, the statute did not begin to run in his lifetime. After his death the will was probated and appellant qualified as the executor. It was his duty as executor to collect from himself as agent the money in his hands as agent due John Taylor, Sr. To allow him to plead the statute as to the time elapsing after the death of John Taylor would be to allow him to take advantage of his own wrong, for it being his duty as executor to collect this money from himself as agent, he cannot complain that he himself did not do

his duty. A party cannot take advantage of his own wrong.

> "The duty of the personal representative to collect debts due the estate of his decedent is not changed by the fact that he is the debtor; but he must, if solvent or able to pay, pay the debt and account for the amount thereof as assets. No bar of limitations should operate in favor of the representative so long as he remains accountable for the general assets of the estate, and a security for the debt may be made available by the parties interested." 23 C. J. 1202.

The evidence sustains the judgment of the chancellor dismissing the petition against Clark Taylor and Leonard Taylor, seeking to charge them with the rent of the farm while they occupied it.

On the cross-appeal the judgment is affirmed. On the original appeal the judgment is reversed and cause is remanded, with directions to enter a judgment as above indicated.