## J. Clark Taylor v. John Taylor's Executor, et al.

(Decided February 11, 1927.)

### Appeal from Marion Circuit Court.

1.  Executors and Administrators—Executors were Properly Charged for Amount Improperly Credited to Them.—In action to surcharge settlement of executors, one of whom was also agent of deceased, where executors were wrongfully credited for amount paid by agent on taxes of deceased, amount was properly charged to them.

2. Executors and Administrators—Account of Agent, who was Also Executor, Not Being Credited for Taxes Paid by Him for Deceased, Credit was Properly Entered on Note he Owed to Deceased. —In action to surcharge settlement of executors, one of whom was also agent of deceased, where agency account was not credited for taxes paid by agent for deceased, agent was properly credited with amount paid on note owed by him to deceased.

C. E. RANKIN for appellant.

W. C. McCHORD, HENRY JACKSON, CHENAULT HUGUELY, C. C. BAGBY, H. S. McELROY, C. S. HILL, J. C TAYLOR and J. C. VOORHIES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming on original and reversing on cross appeal.

This case is here for the second time. The former opinion will be found in 211 Ky. 309, 277 S. W. 278. In our former opinion, we said of a certain credit of $1,050.50, that it should be given to Clark Taylor upon his agency account, and not to the executors of John Taylor. Upon the return of this case the trial court did not eliminate the two items aggregating $1,050.50 from the credits claimed by the executors by striking these two items from their list of credits, but the court accomplished the same thing by charging the executors at the foot of their account of receipts with $1,050.50. The trial court did not then give to Clark Taylor credit upon his agency account for this $1,050.50, but did allow him to use it as a payment upon the $3,000.00 note he had given to John Taylor for the money which was loaned to Woolridge. In fact, the trial court appears to have adopted the calculation which Clark Taylor had made and had attached as an exhibit to his answer, which calculation appears at page 177 of the old record before us, and thus gave him the benefit of this $1,050.50. The court properly found that Clark Taylor had overpaid that note, but erred as to the amount of such overpayment. On September 4, 1919, there was due, on this $3,000.00 note, the principal and four years, one and one-half months' interest, or $3,742.50. The executors then owed him this $1,050.50 which had been applied to the payment of John Taylor's taxes in Texas. Deducting this $1,050.50 from the $3,742.50 then due on this $3,000.00 note, there was left a balance of $2,692.00, but Clark Taylor on that day paid the executors of John Taylor $3,257.00, thus over-

paying this note $565.00, and not $745.00 as found by the court. The trial court probably took the figures submitted by Clark Taylor in the exhibit filed with his answer, appearing at page 177 of the old record, and only charged three years and one and one-half months' interest on this note, but we must not lose sight of the fact that after making and exhibiting this calculation Clark Taylor has asked for and has been allowed this $180.00. When he gets this $180.00 paid back to him, and he has got it, that credit must come off his note. Interest on this $565.00 should be allowed to January 1, 1924, that is $142.82, a total of $707.82. When this $707.82 is added to the other credits allowed by the court, we find he is entitled to a total credit of $3,585.08. There appears to be an error of $100.00 in the report filed by the commissioner on April 14, 1924. If there was not some error made in transcribing this record, the total of the sums chargeable to Clark Taylor on this agency account was $8,443.96, and thus the balance with which the commissioner should have then charged him was $4,549.33. The trial court should check this up and if it is found that this true balance is $4,549.33, the court will credit this $3,585.08 thereon, and enter a judgment against Clark Taylor in favor of the executors of John Taylor for the $964.25 difference. If this $100.00 error is not found to exist, then this judgment should be for $1,064.25. The judgment entered shall bear interest from January 1, 1924.

The judgment is affirmed on the original and reversed on the cross appeal, with direction to enter judgment as indicated.